## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **PATRICIA ANN COTTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:24-CV-00213-TES-CHW** |
| | : | |
| **DEPUTY WARDEN KASAAN** | : | |
| **MAHOGANY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## <u>ORDER</u>

Plaintiff Patricia Ann Cotton, an inmate presently incarcerated in the Emanuel-Swainsboro Transitional Center in Swainsboro, Georgia, has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).   Plaintiff has also filed a certified copy of her prison trust fund account which the Court will liberally construe as a motion for leave to proceed *in forma pauperis* (ECF No. 2).   For the following reasons, Plaintiff will be permitted to proceed *in forma pauperis*, but she must recast her Complaint on the Court's standard form if she wishes to continue with this case.

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   Plaintiff's submissions demonstrate that she is presently unable to pay the cost of commencing this action.   Plaintiff will therefore be permitted to proceed *in forma pauperis* in this action.

However, even if a prisoner is allowed to proceed *in forma pauperis*, she must

nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, she must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that she is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that her complaint be filed and that she be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to her prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the

Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse her prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay those installments justified by the income to her prisoner trust account while she was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if she is able to make payments but fails to do so or if she otherwise fails to comply with the provisions of the PLRA.

## ORDER TO RECAST

Plaintiff has submitted what appear to be three identical copies of her Complaint to the Court. These documents focus on Plaintiff's treatment at the Pulaski State Prison, and KaSann Mahogany, a deputy warden at the prison, is the only named Defendant. *See, e.g.,* Compl. 5, ECF No. 1. The allegations of the Complaint indicate that Plaintiff approached Defendant Mahogany to report an unspecified issue. *Id.* Plaintiff states that Defendant

3

Mahogany "questioned rumors and allegations" and then told Plaintiff, "As far as I'm concerned we ain't had this conversation." *Id.* Plaintiff also states Defendant Mahogany intentionally failed to report Plaintiff's grievance despite Plaintiff's stating that she "wanted to talk to investigators to further pursue the incident." *Id.* Plaintiff contends that Defendant Mahogany's conduct was negligent and amounts to a "failure to uphold a duty," and she further contends that Defendant Mahogany's inaction "may have been harmful" and put Plaintiff's safety "into jeopardy." *Id.* at 5, 7. Plaintiff claims that Defendant Mahogany's conduct violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment "and caused Plaintiff mental anguish because the incident problem has still not been resolved." *Id.* at 7. Plaintiff also mentions "defamation of character" and her "due process right to be heard." *Id.* at 1, 7. Plaintiff thus believes Defendant Mahogany violated her constitutional rights, and she seeks monetary compensation as a result. *Id.* at 7.

Plaintiff's Complaint is subject to review under the PLRA, which obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350

F.3d 1157, 1159-60 (11th Cir. 2003).   *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"   *Hughes*, 350 F.3d at 1160 (citation omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

The Court requires additional information before it can determine whether Plaintiff's Complaint states a claim upon which relief may be granted.   As noted above, Plaintiff mentions "due process" and "defamation" as possible causes of action.   Compl. 1, 7, ECF No. 1.   But Plaintiff does not have any due process right to access a prison's grievance procedure or have those procedures properly followed.   *See, e.g., Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) (affirming dismissal of prisoner's claims that he was denied use of the prison's grievance procedure); *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (per curiam) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations regarding grievance responses did not implicate due process concerns).

A claim for defamation by a state official, standing alone, is also not actionable under § 1983.   *See, e.g., Paul v. Davis,* 424 U.S. 693, 712 (1976); *see also Walker v. Atlanta Police Dep't Public Affairs Unit,* 322 F. App'x 809, 811 (11th Cir. 2009) (per curiam) (citing *Paul* for the holding that "a claim of being defamed by a police officer is not actionable under § 1983).

5

When Plaintiff's allegations are construed very liberally, however, it appears Plaintiff may also be attempting to show that Defendant Mahogany's inaction somehow endangered Plaintiff. Claims that prison officials were deliberately indifferent to an inmate's safety are generally cognizable under the Eighth Amendment to the United States Constitution. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner asserting this type of Eighth Amendment claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). Deliberate indifference in the Eleventh Circuit amounts to "'subjective recklessness as used in the criminal law,'" which requires a plaintiff to "demonstrate that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Wade v. McDade*, No. 21-14275, 2024 WL 3354963, at *1 (11th Cir. July 10, 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). Plaintiff has not described the incident she was trying to report to Defendant Mahogany, explained how Defendant Mahogany's failure to address the incident was harmful, or alleged any other facts that could show deliberate indifference to Plaintiff's safety.

Because Plaintiff is acting *pro se*, the Court will give Plaintiff an opportunity to file an amended pleading to address these deficiencies. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). Plaintiff is therefore

**ORDERED** to submit a recast complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that she is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of her constitutional rights.

To that end, it is recommended that, when drafting her statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)    *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)    *When* and *where* did each action occur (to the extent memory allows)?

(3)    *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)    *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)    *What* did this defendant do (or not do) in response to this knowledge?

(6)    *What* relief do you seek from this defendant?

Plaintiff should state her claims as simply as possible referring only to the relevant

allegations against the named defendants in this case; she should not attach supporting documents (such as grievances) to her recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See* Fed. R. Civ. P. 8.   If, in her recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.   Likewise, if Plaintiff makes no allegations in the body of her recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for her to include every imaginable claim that she may have against any state official.   Plaintiff will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure.   Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether she has pursued grievances and exhausted her administrative remedies, or she risks dismissal of this case.

**The recast complaint will take the place of Plaintiff's original Complaint (ECF No. 1).   Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.**   This ten-page limitation includes (and is not in addition to) the pre-printed pages of the Court's standard form.   The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated

8

an actionable claim.   Accordingly, any fact Plaintiff deems necessary to her lawsuit should be clearly stated in her recast complaint, even if Plaintiff has previously alleged it in another filing.   The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.   Plaintiff does not need to submit more than one copy of her Complaint to the Court.

## CONCLUSION

In sum, Plaintiff shall be permitted to proceed *in forma pauperis*, and she shall have **FOURTEEN (14) DAYS** from the date shown on this Order to file her recast complaint with the Clerk of Court as described above.   **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.**   Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in her mailing address.   There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 2nd day of August, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge