IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PATRICIA ANN COTTON, | : | |
| Plaintiff, | : | |
| V. | : | NO. 5:24-cv-00213-TES-CHW |
| KASAAN MAHOGANY, | : | |
| Defendant. | : | |

## RECOMMENDATION OF DISMISSAL

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Patricia Ann Cotton, an inmate in the Emanuel Women's Facility in Swainsboro, Georgia, has filed a Recast Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved for leave to proceed *in forma pauperis* in this action (ECF No. 6). Because the Court has already granted Plaintiff leave to proceed *in forma pauperis* in this action, this motion is **DENIED as moot**. Plaintiff's Recast Complaint is now ripe for review pursuant to 28 U.S.C. § 1915A and § 1915(e). Upon review, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.  Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also

required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of

2

a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.   Factual Allegations and Plaintiff's Claims

Plaintiff's claims are based on her treatment at Pulaski State Prison in Hawkinsville, Georgia, in September of 2023. Recast Compl. 5, ECF No. 5. According to the Recast Complaint, Defendant KaSaan Mahogany, a deputy warden at the facility, "demonstrated a disregard in failure to uphold a duty as a prisoner official administrator overseer at Pulaski State Prison." *Id.* It is unclear what Plaintiff means by this statement. *Id.* Plaintiff appears to suggest that he sought to file a grievance at the prison, which Defendant Mahogany failed to sufficiently investigate or otherwise act upon. *See, e.g., id.* (alleging that Defendant Mahogany failed to "report[] the incident issue to proper authorities at PSP so investigation could commence and derive at its own conclusion based on Plaintiff's facts and evidence reported"); *see also id.* at 6 (stating that Defendant Mahogany "sought to trample upon [Plaintiff's] constitutional rights and the right to redress a wrong"); *id.* at 10

3

(alleging that Defendant Mahogany violated Plaintiff's "rights of due process to be heard . . . because the incident problem has still not been resolved"). Plaintiff further contends that Defendant Mahogany's action or inaction caused Plaintiff "to sustain a <u>personal injury</u> to [her] peace of mind, nerves, and feelings," *id.* at 6, and suggests that her "personal injury was put into jeopardy," *id.* at 10. Plaintiff thus contends Defendant Mahogany violated her constitutional rights, and she seeks compensatory damages as a result. *Id.* at 10.

As Plaintiff was previously advised, her allegations that Defendant Mahogany failed to investigate or address her grievance, standing alone, do not state an actionable constitutional claim. Plaintiff has no constitutional due process right to access a prison's grievance procedure or have those procedures properly followed. *See, e.g., Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) (affirming dismissal of prison's claims that he was denied use of the prison's grievance procedure); *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (per curiam) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations regarding grievance responses did not implicate due process concerns). Any such claims Plaintiff is attempting to raise in this action should therefore be dismissed without prejudice.

As to any claim that Defendant Mahogany's inaction somehow endangered Plaintiff, the Recast Complaint likewise fails to state an actionable claim. Claims that prison officials were deliberately indifferent to an inmate's safety are generally cognizable under the Eighth Amendment to the United States Constitution. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner asserting this type of Eighth Amendment

claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). Deliberate indifference in the Eleventh Circuit amounts to "'subjective recklessness as used in the criminal law,'" which requires a plaintiff to "demonstrate that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Wade v. McDade*, 106 F.4th 1251, 1251 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). After the Court advised Plaintiff of the requirements for such a claim, Plaintiff has again failed to describe the incident she was trying to report to Defendant Mahogany, to explain how Defendant Mahogany's failure to address the incident was harmful, or to allege any other facts that could show deliberate indifference to Plaintiff's safety. These claims are therefore also subject to dismissal.

### III. Conclusion

For the foregoing reasons, Plaintiff's second motion to proceed *in forma pauperis* (ECF No. 6) is **DENIED as moot**. Because the Recast Complaint does not state a claim upon which relief may be granted, it is **RECOMMENDED** that the Recast Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and/or § 1915A.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the Honorable Tilman E. Self, III, United States

District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 3rd day of September, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge